**Paulo Arturo OROZCO–FUENTES,**
Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney
General, Respondent.**

No. 08–71033.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2011.*

Filed March 28, 2011.

Paulo Arturo Orozco–Fuentes, Lake El-
sinore, CA, pro se.

John Beadle Holt, Esquire, Trial, OIL,
John Clifford Cunningham, I, Esquire,
Senior Litigation, District Counsel, Es-
quire, U.S. Department of Justice, Wash-
ington, DC, Ronald E. LeFevre, Office of
the District Counsel Department of Home-
land Security, San Francisco, CA, for Re-
spondent.

Before: FARRIS, O'SCANNLAIN, and
BYBEE, Circuit Judges.

MEMORANDUM **

Paulo Arturo Orozco–Fuentes, a native
and citizen of Guatemala, petitions pro se
for review of the Board of Immigration
Appeals' ("BIA") order dismissing his ap-
peal from the immigration judge's ("IJ")
decision denying his application for asy-
lum, withholding of removal, and relief un-
der the Convention Against Torture
("CAT"). Our jurisdiction is governed by
8 U.S.C. § 1252. We review for substan-
tial evidence the agency's factual findings
and review its legal conclusions de novo.
*Santos–Lemus v. Mukasey,* 542 F.3d 738,
742 (9th Cir.2008). We deny the petition
for review.

Orozco–Fuentes testified that he resist-
ed the guerrillas' and Guatemalan army's
attempts to recruit him. Substantial evi-
dence supports the IJ's denial of asylum
because Orozco–Fuentes failed to establish
past persecution or a well-founded fear of
future persecution on account of a protect-
ed ground. *See INS v. Elias–Zacarias,*
502 U.S. 478, 481–82, 112 S.Ct. 812, 117
L.Ed.2d 38 (1992) (forced recruitment by
guerrillas, without more, does not amount
to persecution); *Pedro–Mateo v. INS,* 224
F.3d 1147, 1150–51 (9th Cir.2000) (at-
tempts by military and guerillas to recruit
Guatemalan not persecution absent evi-
dence of discriminatory purpose).

We lack jurisdiction to consider Orozco–
Fuentes' request for humanitarian relief
because he did not raise this claim to the
IJ or BIA. *See Barron v. Ashcroft,* 358
F.3d 674, 677–78 (9th Cir.2004).

Because Orozco–Fuentes failed to es-
tablish his eligibility for asylum, he neces-

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

sarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

Finally, substantial evidence supports the IJ's denial of CAT relief because Orozco–Fuentes failed to establish it is more likely than not he will be tortured if returned to Guatemala. *See Nahrvani v. Gonzales,* 399 F.3d 1148, 1154 (9th Cir. 2005).

## PETITION FOR REVIEW DENIED.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.